# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ADAM DELGADO,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-1221-14-0737-W-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　　Agency. | DATE: December 18, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam Delgado, Chicago, Illinois, pro se.

Lance Simon, Esquire, and Nicholis D. Mutton, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a GS-13 Special Agent, filed an IRA appeal in which he alleged that the agency took various actions against him in retaliation for making a protected disclosure. Initial Appeal File (IAF), Tab 1. Specifically he alleged that he disclosed to his superiors a violation of policy and law and, as a result, he was denied promotional opportunities and told that he was to be geographically reassigned, which he perceived to be a threatened personnel action. *Id.* at 5. With his appeal, the appellant submitted a copy of a letter from the Office of Special Counsel (OSC) informing him that it had terminated its inquiry into his allegations and advising him of his right to file an IRA appeal with the Board. *Id.* at 7.

¶3        In a subsequent submission, the appellant further explained his disclosure, stating that, in 2012, he had participated in the surveillance of an undercover drug deal involving a fellow Special Agent; during the July 2013 criminal trial of the defendant charged with robbery in connection with the undercover drug deal, the fellow Special Agent provided testimony, as did the appellant; and on February 4, 2014, the appellant told two supervisors that there was a discrepancy between the sworn testimony of the fellow Special Agent and his own testimony.

IAF, Tab 4. The appellant asserted that the discrepancy in the Special Agent's testimony constituted a violation of law, rule, or regulation. *Id*.

¶4 The administrative judge issued a comprehensive order setting forth what was necessary for the appellant to establish the Board's jurisdiction over his appeal and, if he did so, how he could prove his claim. IAF, Tab 3. The appellant responded. IAF, Tabs 10-11. The agency moved that the appeal be dismissed for lack of jurisdiction. IAF, Tab 13.

¶5 The administrative judge issued an initial decision based on the written record, dismissing the appeal for lack of jurisdiction. IAF, Tab 22, Initial Decision (ID) at 2, 8. She found that, although it was clear from the record that the appellant had asked OSC to review his allegations of reprisal, ID at 7, he did not show that he gave OSC a sufficient basis to pursue an investigation that might lead to corrective action and therefore did not satisfy the statutory exhaustion requirement for his IRA appeal, ID at 8.

¶6 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

¶7 On review, the appellant argues that, contrary to the administrative judge's finding, his disclosure was specific and detailed in that he clearly alleged a violation of law regarding the testimony of the fellow Special Agent during the criminal trial. PFR File, Tab 1 at 2-3, 5-6.

¶8 Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001); *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004). The Board may consider only charges of whistleblowing that the appellant raised before OSC. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993); *Coufal*, 98 M.S.P.R. 31, ¶¶ 14, 18. To satisfy the exhaustion requirement, the appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that

might lead to corrective action. *Ellison*, 7 F.3d at 1036; *Coufal*, 98 M.S.P.R. 31, ¶ 14. The test of the sufficiency of an employee's charges of whistleblowing to OSC is the statements he makes to OSC, not a post hoc characterization of those statements. *Ellison*, 7 F.3d at 1036. An appellant may demonstrate exhaustion of his OSC remedies through his initial OSC complaint and evidence that he amended or supplemented his initial OSC complaint, including but not limited to, OSC's determination letter and other letters from OSC referencing the appellant's amended allegations, and the appellant's written responses to OSC referencing OSC's discussion of the amended allegations. *See Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶¶ 12-15 (2008); *Kinsey v. Department of the Navy*, 107 M.S.P.R. 426, ¶ 15 (2007). However, the Board will not consider the appellant's recharacterization of his complaint in his pleadings to the Board but only the sufficiency of his complaint as he brought it before OSC. *Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 7 (2007).

¶9        Although the administrative judge apprised the appellant of what he must show to establish that he exhausted his remedy before OSC, IAF, Tab 3 at 2, 5-6, the documents he submitted did not establish exhaustion. The appellant did not submit his initial OSC complaint, but only: an acknowledgment from OSC that his electronic complaint had been received, IAF, Tab 10 at 15; an April 22, 2014 letter from OSC explaining its preliminary determination to close its inquiry into his allegations, IAF, Tab 4 at 15-17; and OSC's June 27, 2014 letter to the appellant explaining its final determination to close its file on his complaint,[2] *Id.* at 18-19. In describing the appellant's complaint, OSC indicated that: he stated only that he participated in the surveillance; during the incident, the fellow Special Agent discharged his weapon; the appellant prepared a report; he later learned that other agents were critical of him because of the contents of the

---

[2] OSC refers to having considered the appellant's "May 2, 2014, fax and e-mail responses to [its] preliminary determination," IAF, Tab 4 at 18, but the appellant did not submit these documents to the Board.

report; during the criminal trial, the defense attorney contrasted the fellow Special Agent's testimony with the appellant's; and that he and other agents heard the defense attorney's statement.[3]  *Id.* at 15-16.  The administrative judge considered these documents, ID at 7, but concluded that nothing the appellant had provided indicated that he gave OSC a sufficient basis to pursue an investigation that might lead to corrective action, ID at 8.  Although the appellant attempts on review to clarify and expand upon his disclosure, PFR File, Tab 1 at 3-6, we may not consider any such recharacterization,  *see Jessup*, 107 M.S.P.R. 1, ¶ 7.  Thus, the appellant has not shown error in the administrative judge's findings that, in the appellant's communications with OSC, he did not provide a sufficient basis to pursue an investigation that might lead to corrective action and that, having failed to establish that he exhausted his remedy before OSC, his IRA appeal must be dismissed for lack of jurisdiction.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (holding that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action).

¶10      On review, the appellant made certain allegations about the administrative judge's conduct, arguing that she verbally chastised him, did not return his calls and otherwise ignored him, and that she allowed these events to influence her decision.  PFR File, Tab 1 at 2.  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United*

---

[3] Before the Board, the appellant indicated that the defense attorney's statement was made during closing argument.  IAF, Tab 4 at 3.

*States*, 510 U.S. 540, 555 (1994)). Further, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Simmons v. Small Business Administration*, 115 M.S.P.R. 647, ¶ 10 (2011); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Moreover, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reason to believe that grounds for disqualification exist. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). We find that, because the appellant's concerns about the administrative judge's conduct do not evidence anything that would render fair judgment impossible, and because the appellant did not timely raise his concerns, his claim of bias must fail.[4]

¶11    Finally, we note that the appellant has submitted numerous documents with his petition for review. The first document consists of pages from an unrelated court proceeding wherein the appellant testified in his official capacity. PFR File, Tab 1 at 13-19. However, this document was submitted below, IAF, Tab 4 at 44-51, and therefore it is not new, *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The next document is a partial transcript of the July 2013 criminal trial upon which the appellant relies in this appeal, specifically, the testimony of the fellow Special Agent. PFR File, Tab 1 at 20-41. In the absence of a showing that this document was unavailable before the record was closed despite the appellant's due diligence, it is not new, *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980), and therefore we have not considered it. The next document is the agency's June 11, 2015 response to the appellant's

---

[4] The appellant also contends that the administrative judge violated 5 U.S.C. § 7702(a)(1) by not issuing the initial decision within 120 days. PFR File, Tab 1 at 4. That provision applies to actions involving discrimination, but the appellant raised no such claim in his appeal. To the extent he is suggesting that the administrative judge took too long to decide this case, he has not shown that any delay constituted adjudicatory error that prejudiced his substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

Freedom of Information Act request regarding records related to himself. PFR File, Tab 1 at 42-73. Although new, this document has no bearing on the dispositive jurisdictional issue in this case. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Therefore, we have not considered it. The last document is an undated memorandum in support of a motion to dismiss filed by the agency and the Attorney General in an action brought by the appellant in the U.S. District Court for the Northern District of Illinois. PFR File, Tab 1 at 74-78. Even if new, this document, like the appellant's Freedom of Information Act request, has no bearing on the dispositive jurisdictional issue in this case and we therefore have not considered it. *Russo*, 3 M.S.P.R. at 349.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of

appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.